**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

$83,686.00 IN UNITED STATES CURRENCY SEIZED FROM SUNTRUST ACCOUNT NO. 1000018120112,

Defendant.

CYNTHIA GORHAM,

Claimant.

Civil Action No. 04-699 (RBW)

**ORDER**

On April 28, 2004, the government filed this in rem forfeiture action to enforce its claim as to the above-captioned currency, which was seized in November 2003 and which allegedly "represents the proceeds from a sale of a parcel of real property . . . which was purchased with proceeds of drug trafficking and was used to facilitate drug trafficking." Complaint ("Compl.") ¶ 5; see id. ¶ 11 (also alleging that the "purchase of the Condon Terrace property [from which these funds were derived] constituted money laundering"); see also 18 U.S.C. § 981(a)(1) (2000) (authorizing the civil forfeiture of property involved in money laundering); 21 U.S.C. § 881(a)(6) (2000) (authorizing the civil forfeiture of property involved in drug trafficking). On August 12,

2004, Cynthia Gorham ("the claimant") filed a claim of ownership to the currency at issue, contending that "[t]he Condon Terrace property . . . was not, nor has it ever been used, as a means to either store or distribute a controlled substance, and was not purchased from the proceeds of the sale of any controlled substance." Claim of Ownership ("Claim") ¶ 5. Currently before the Court is the government's motion ("Motion") to strike this claim as untimely filed under the Federal Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). For the reasons set forth below, the government's motion is denied.

## I. Factual Background

On November 12, 2003, the government seized over $83,000 from a bank account belonging to Raven Carroll, the claimant's late husband, Compl. ¶ 4, alleging that the funds represented the partial proceeds of a large-scale drug trafficking conspiracy of which Carroll was a principal participant, see id. ¶¶ 10-35 (detailing the results of the government's ongoing criminal investigation into Carroll's conduct); see also Memorandum of Points and Authorities in Support of the United States' Motion to Strike the Claim of Cynthia Marie Gorham ("Mem.") at 2 (contending that Carroll "was an illicit drug trafficker of considerable magnitude from the mid-90s until his death in 2003"). On February 4, 2004, the claimant filed an administrative claim to the seized currency. Compl. ¶ 6. The government then initiated judicial forfeiture proceedings by filing a complaint with this Court on April 30, 2004, in accordance with federal forfeiture statutes and Supplemental Rule G. See Mem. at 1. The government provided notice of the complaint by publishing notification of the forfeiture proceedings in The Washington Times newspaper on May 7, 2004, and in the Daily Washington Law Reporter legal publication on May

12, 2004.[1] Mem. at 8; see Supplemental Rule G (prescribing procedures for publication of notice). On June 18, 2004, after repeated attempts to serve the complaint, summons, and warrant of in rem arrest upon the claimant, id. at 3 (stating that Federal Express "made several attempts to serve the pleadings on Gorham at her last known address and each time left a note at the residence informing her that a special delivery package was awaiting her"), the government effected service upon the claimant's attorney, who had represented her in the administrative forfeiture action, id.

The claimant's attorney alleges that he was no longer representing the claimant at the time his office was served with the complaint in this case. Opposition to Motion to Strike the Claim Filed by Cynthia Marie Gorham ("Opp.") ¶ 3 (stating that his office had not been retained by the plaintiff at the time of service and "had no authority or intention of going further than an administrative resolution of the matter"). Moreover, he contends that, by June 2004, the claimant "had moved from the address at which she lived at the time of the . . . administrative proceeding" and could not easily be located. Id. ¶ 4. The claimant's attorney further represents that, "[u]pon locating Gorham, [his] office was retained to enter an appearance in this matter, and did so on or about August 12, 2004," id. ¶ 5, at which point he filed a verified statement of the claimant's interest in the seized property in accordance with Supplemental Rule C(6), see Claim at 2.

On September 21, 2004, the government moved to strike the claimant's claim, arguing that it had been filed outside of the thirty-day period prescribed by the Supplemental Rules.[2]

---

[1] The claimant does not dispute the sufficiency of this notice.

[2] The government also contends that the claimant's answer to the complaint was untimely filed and that the claim should consequently be stricken on that basis. See Mem. at 4. Although the claimant's answer was filed on November 3, 2004, which was well beyond the allotted time period, see Supplemental Rule C(6)(a)(iv) (providing

(continued...)

Motion at 1. In response, the claimant argues that because she was never personally served with the complaint, she did not receive notice of the judicial forfeiture action until late July 2004, and that therefore the delay in filing her claim was fully justified. Opp. at 1-2. The claimant also asserts that the government's complaint should be dismissed as untimely filed. Id. at 2 (alleging that "[t]he [c]omplaint [was] filed by the government . . . at a time which exceeded the 90 days during which it had to file the complaint and it should therefore be dismissed").

**II. Analysis**

As an initial matter, the claimant's contention that the complaint should be dismissed as untimely is clearly without merit. The government had ninety days from the claimant's filing of her administrative claim in which to bring judicial forfeiture proceedings. 18 U.S.C. § 983(a)(3)(A) (2000). The government alleges, and the claimant does not dispute, that the claimant filed her administrative claim on February 4, 2004. Compl. ¶ 6; Defendant's Amended Answer to Verified Complaint of Forfeiture in Rem ¶ 3. The complaint was filed in this Court on April 30, 2004, well within the ninety days prescribed by statute. Accordingly, the Court concludes that the complaint was timely filed.

The Court next turns to the government's argument that the claimant's untimely statement of interest precludes her from being able to state a claim to the seized property. The United States Code provides that once the government has filed an in rem forfeiture action, "any person claiming an interest in the seized property may file a claim asserting such person's interest

(...continued)
that "a person who asserts . . . [an] ownership interest must serve an answer within 20 days after filing the statement of interest"), the Court granted the claimant leave to file her answer out of time, see October 26, 2004 Minute Order. Accordingly, the Court must deny the government's motion to strike the claim on the grounds that the claimant's answer was untimely filed.

in the property in the manner set forth in the [Supplemental Rules]." 18 U.S.C. § 983(a)(4)(A); see also Supplemental Rule C(6) (describing the process by which a claimant "must file a verified statement of right or interest"). However, in order to establish the requisite standing to contest the forfeiture action, a prospective claimant must file a verified statement of interest "not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4)(A).

Here, the government published notice of its complaint on May 7 and May 12, 2004, Mem. at 8, and then, after attempting unsuccessfully to serve the claimant with copies of the summons, complaint, and warrant of arrest in rem, the government effected service upon the claimant's attorney on June 18, 2004, see id. at 3; Opp. at 1.[3] Upon being served, the claimant's attorney allegedly located the claimant, notified her of the pending action, and entered an appearance in this case, filing the claimant's verified statement of interest on August 12, 2004. Opp. at 1-2. Thus, the claimant's verified claim was filed more than thirty days after the summons and complaint were served upon the claimant's attorney and, assuming that service upon the claimant's attorney was valid, see supra at n.3, the government is correct that the claim is therefore untimely under § 983(a)(4)(A). See Mem. at 6 (contending that "[i]n this case, at an

[3] The claimaint contends, in passing, that service of the summons, complaint, and warrant in rem upon her attorney constituted invalid service of process. Opp. at 1 (asserting that "Gorham was never served with the complaint" and that her attorney "had no authority or intention of going further than an administrative resolution of the matter"). Because the Court concludes that the government's motion to strike the claim should be denied regardless whether she was validly served through her attorney on June 18, 2004, or whether she was "apprise[d] . . . of the pendency of the action and afford[ed] . . . an opportunity to present [her] objections" at some later time, Lopez v. United States, 201 F.3d 478, 480 (D.C. Cir. 2000), it is unnecessary to determine the validity of the June 18, 2004 service. Cf. Bye v. United States, 105 F.3d 856, 857 (2d Cir. 1997) (holding that notice of an in rem forfeiture action sent to the claimant's attorney was constitutionally sufficient where the attorney represented the claimant in related proceedings).

absolute minimum, Gorham had constructive notice of this action when her attorney was served on June 18, 2004[, and] . . . under the statute and rules she was obliged to file a claim no later than July 18, 2004").

However, although adherence to the time period set forth for the filing of a verified statement of interest is generally strictly enforced, see, e.g., United States v. $104,674.00, 17 F.3d 267, 268-69 (8th Cir. 1994) (holding that claimants should "strictly comply" with the time or content requirements of Supplemental Rule C(6)); United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) (providing that "strict compliance with Supplemental Rule C(6) is typically required"), courts have identified certain discretionary factors that may be considered in determining whether an untimely claim should constitute an absolute bar to a claimant's ability to contest a forfeiture in a particular case. As another member of this Court previously observed, these factors include, inter alia,

> the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the [C]ourt and the government of [her] interest in the [d]efendant [p]roperty before the claim deadline; whether the government would be prejudiced by allowing the late filing; . . . and whether the claimant timely petitioned for an enlargement of time.

United States v. One 1990 Mercedes Benz 300CE, 926 F. Supp. 1, 4 (D.D.C. 1996) (footnote omitted). In addition, the Ninth Circuit recently surveyed various circuit court rulings on the subject and concluded that other relevant factors include, inter alia, whether the claimant was properly served and whether the claimant acted in good faith. United States v. $100,348.00 in United States Currency, 354 F.3d 1110, 1116-17 (9th Cir. 2004) (internal quotation marks and citation omitted) (citing cases).

In this case, the balance of these discretionary factors clearly tilts in favor of the claimant. On the one hand, the Court concludes that (1) the government did not encourage the claimant's delay; and (2) the claimant did not timely petition for an enlargement of time to file her verified statement of interest. On the other hand, although the claimant became aware of the seizure itself as a result of the previously instituted administrative proceedings (at which time she also informed the government of her interest in the seized property), there is no indication that she had any knowledge of the filing of the civil action until she was contacted by her attorney. Moreover, the government does not contend that it has been substantially prejudiced by the fact that the claimant filed her verified claim one month late, nor could it credibly do so. Finally, and most fundamentally, the government fails to dispute the claimant's assertion that she "had moved from the address at which she lived at the time of . . . the administrative proceeding" and thus could not be located by either the government or her own attorney (who at that time apparently no longer represented her) until late July. Indeed, the government has proffered absolutely nothing to suggest that the claimaint's allegations regarding her difficulty in being served with the summons and complaint are not made in good faith, and the claimant represents (and the government does not dispute) that she directed her attorney to file a verified statement of interest in this matter as soon as she was located and apprised of the judicial proceedings. See Opp. at 2.

As the Ninth Circuit has observed, a court "should exercise its discretion to grant additional time [in an in rem forfeiture action] where the goals underlying the time restriction . . . are not thwarted." $100,348.00 in United States Currency, 354 F.3d at 1116 (internal quotation marks and citation omitted). The purpose of the time restriction for the filing of verified claims in such actions "is to force claimants to come forward as soon as possible after forfeiture

proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." United States v. 51 Pieces of Real Property Roswell, N.M., 17 F.3d 1306, 1318 (10th Cir. 1994). It is clear from the record of this case that the claimant, being the widow of the individual from whom the property at issue was seized, is undeniably an interested party who has at least a colorable claim to contest the in rem forfeiture action. See generally Claim. The Court does not believe that the purpose of § 983(a)(4)(A) and Supplemental Rule C(6) are thwarted by affording the claimant, who has apparently acted in good faith, an opportunity to be heard on the merits of her claim. Thus, given the well-settled "jurisprudential preference . . . for [the] adjudication [of claims] on the merits rather than on the basis of formalities," Ciralsky v. CIA, 355 F.3d 661, 674 (D.C. Cir. 2004) (internal quotation marks and citation omitted), the Court concludes that it is in the interests of justice not to treat the claimant's failure to timely file her verified statement of interest as a bar to her challenge of the government's in rem forfeiture action. Accordingly, it is hereby

**ORDERED** that the government's motion to strike the claimant's claim is DENIED. It is further

**ORDERED** that a status conference in this matter shall be held on August 10, 2007, at 10:00 a.m. The parties shall file a joint status report with this Court by August 6, 2007, indicating their views as to the current posture of the case.

**SO ORDERED** this 9th day of July, 2007.

REGGIE B. WALTON
United States District Judge